**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Leon Robert Hardy,

Plaintiff,

v.

True Connections LLC,

Defendant.

Case No. 2:24-cv-01824-BNW

**ORDER**

Before this Court is Plaintiff's motion for default judgment. ECF No. 44.

## I. DISCUSSION

The Clerk of Court entered default against Defendant True Connections LLC on March 28, 2025. ECF No. 18. But Plaintiff then filed a second amended complaint, which is now the operative pleading. ECF No. 21. An amended complaint supersedes the original complaint, which then "no longer performs any function." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Because the entry of default rests on a pleading that has been superseded, the entry of default is void. *United States v. Proceeds from the Sale of a Condo. Located at the Ritz Carlton in Los Angeles, California*, No. SACV151110JVSDFMX, 2016 WL 11772212 (C.D. Cal. Aug. 5, 2016). As a result, this Court must deny Plaintiff's request for default judgment as moot because the default is void.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment (ECF No. 44) is **DENIED** without prejudice.

**IT IS FURTHER ORDERDED** that, if Plaintiff wishes to pursue an entry of default judgment against Defendant True Connections LLC based on the second amended complaint, he must first obtain an entry of default from the Clerk of Court under Rule 55(a).[1] This entry of

[1] Plaintiff may also need to re-serve True Connections LLC if new claims are asserted against it in the operative complaint. Fed. R. Civ. P. 5(a)(2).

default must be made by October 20, 2026. Plaintiff shall then have 14 days from the date the Clerk of Court enters default to refile a motion for default judgment.

DATED: October 6, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE